Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2020 12:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Scott,Deputy Clerk
Case 2:20-cv-03980-CJC-AS    Document 2-3    Filed 04/30/20    Page 1 of 17    Page ID #:25
20STCV11239
Assigned for all purposes to: Burbank Courthouse, Judicial Officer: William Stewart

VAN VLECK & TUNRER, LLP
    Brian F. Van Vleck, State Bar No. 155250
    Daniel J. Turner, State Bar No. 207654
    Stuart H. Kluft, State Bar No. 315081
5757 Wilshire Boulevard, Suite 535
Los Angeles, California 90036
Telephone: (323) 920-0259
Facsimile: (323) 920-0249

Attorneys for Plaintiff,
Daniel O'Connor

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DANIEL O'CONNOR, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>WARNER BROS. ANIMATION INC., a Delaware Corporation; and DOES 1 through 100 inclusive<br><br>    Defendants. | **CASE NO:**<br><br>**REPRESENTATIVE ACTION**<br><br>**(1) VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, CALIFORNIA LABOR CODE SECTION 2698** *et seq.* |

REPRESENTATIVE COMPLAINT

VAN VLECK & TURNER, LLP

Plaintiff Daniel P. O'Connor ("Plaintiff"), on behalf of himself and all others similarly situated, hereby files this Complaint against Defendant Warner Bros. Animation Inc., and DOES 1-100, (collectively referred hereinafter as "Warner Bros." or "Defendant"). Plaintiff is informed, believes and alleges as follows:

## THE PARTIES

1. Plaintiff was employed by Defendant throughout 2018[1] as a non-exempt employee animator whose job duties primarily involved animating storyboards for projects and media productions for Defendant. Plaintiff worked primarily in Los Angeles County. At all relevant times up through the present Plaintiff resided in Los Angeles County and has resided in California at all times relevant hereto.

2. Defendant Warner Bros. Animation Inc. is a Delaware Corporation whose primary business is entertainment and media services and products such as animated and live action television shows, movies, and other media throughout the United States and globally. Defendant does business throughout the state of California and has a registered agent for service in California through the Secretary of State of California.

3. At all times mentioned herein, each Defendant was acting as an individual, corporate, affiliate, employer, employee, supervisor, agency, associate aider and abetter and/or alter ego of each remaining unnamed Defendant, and all were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. On information and belief, Defendants, including the unnamed defendants, and each of them, acted as joint employers, alter egos, and an integrated enterprise, and jointly exercised control over the employment practices alleged herein. On information and belief, Defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or impliedly, all of the conduct alleged hereinafter.

4. Does 1 through 100, inclusive, are sued as fictitious names since their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained,

---

[1] Plaintiff voluntarily terminated his employment on August 20, 2018.

REPRESENTATIVE COMPLAINT

Van Vleck & Turner, LLP

1

Plaintiff will amend the Complaint to state the same.  On information and belief, some of the fictitiously named defendants are officers, directors, employees and/or agents of Defendants.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court by virtue of California statutes, decisional law, and regulations.  Venue in this Court is proper in that Plaintiff was employed by Defendants in the California County of Los Angeles, and the acts giving rise to liability occurred in Los Angeles County.

## REPRESENTATIVE ALLEGATIONS

6.    This action is being brought on behalf of Plaintiff Daniel O'Connor ("Plaintiff") and all others similarly situated aggrieved employees (collectively, "Aggrieved Employees"),[2] as a representative action under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 et seq.

7.    Plaintiff thus seeks to represent all Aggrieved Employees who are, or were, similarly situated employees of Defendants who are, or were, employed in California during the applicable statute of limitations and who, like Plaintiff, worked as an animator for Defendant.

8.    While the exact number of the Aggrieved Employees is unknown to Plaintiff at this time and can only be determined by appropriate discovery, their identity is readily ascertainable from the records Defendants are required to keep by law.

9.    On July 30, 2019, Plaintiff Daniel O'Connor gave written notice by certified mail of Defendants' violations of various provisions of the California Labor Code as alleged in this complaint to Defendants.  On that date, Plaintiffs also uploaded the PAGA letter to the website of the Labor and Workforce Development Agency ("LWDA"), as it requires.  The letter and email confirmation by the LWDA is attached hereto as **Exhibit A**.

---

[2] Plaintiff O'Connor intends, and does, include in his definition of "aggrieved employees" the statutory definition found in Labor Code section 2699(c), which defines an "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

REPRESENTATIVE COMPLAINT

Van Vleck & Turner, LLP

2

10. The LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the July 30, 2019 postmark date of the notice sent by Plaintiffs. *See* Cal. Lab. Code § 2699.3(a)(2)(A).

11. Therefore, Plaintiff has exhausted administrative remedies as required by the California Labor Code and now brings the instant action.

12. Defendants violated PAGA because they uniformly committed the Labor Code violations as described herein with respect to Plaintiff and all Aggrieved Employees he represents.

**A.    Failure to Pay Premium Compensation for All Overtime Hours Worked**

13. Pursuant to California Labor Code Section 510(a), and Wage Order 12-2001, Section 3(A), "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

14. Labor Code section 1194(a) provides that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

15. During their employment with Defendants, Plaintiff and the Aggrieved Employees routinely worked more than eight hours in a day and forty hours per week—as they were given workloads that would reasonably be accomplished at fifty-to-sixty hours per week—without receiving all premium overtime compensation due.

16. Defendants nevertheless implemented consistent policies and practices that systematically denied all legally required overtime wages due, including the following:

   a. Maintaining a policy of not paying Plaintiff O'Connor and the Aggrieved Employees for daily overtime for hours worked in excess of eight hours per day;

REPRESENTATIVE COMPLAINT

   b. Maintaining a policy of prohibiting hourly employees from recording their actual hours of overtime per week regardless of the number of hours that Defendants suffered and permitted employees to work;

   c. Maintaining a policy whereby hourly employees who worked primarily from home, like Plaintiff O'Connor and the Aggrieved Employees, were allotted only forty hours of pay for their work per week regardless of the actual hours of work required to produce the content Defendant assigned Plaintiff and the Aggrieved employees to complete;

   d. Maintaining an illegal pay plan which was designed to undercalculate the amount of overtime compensation due under the Labor Code by requiring employees to record only 40 hours of work a week, regardless of the hours worked in excess of 8 hours per shift and 40 hours per week.

**B.**  **<u>Failure to Pay Minimum Wage for All Hours Worked</u>**

17. Labor Code Section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful."

18. Wage Order 12-2001, Section 4(A), provides that the applicable minimum wage shall be "..not less than … eleven dollars ($11.00) per hour…"[3]  Wage Order 12-2001, Section 4(B) further provides that "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

19. Under the California minimum wage law, each hour of work must be separately compensated at the applicable minimum hourly rate of least $12.00[4] per hour.  Under the City of

---

[3] Wage Order 12-2001, Section 4(A)(1) has a schedule of minimum wages based on date; section (a) states "Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017," (b) states "Eleven dollars … effective January 1, 2018," (c) states "Twelve dollars … effective January 1, 2019," and (d) states "Thirteen dollars … effective January 1, 2020."

[4] During relevant times of this Complaint, the California minimum wage has changed pursuant the amendment to Labor Code section 1182.12, and herein Plaintiff alleges the wages as required by such statute at such relevant times.

Los Angeles minimum wage law, the minimum hourly rate is ever higher.[5] Employers are not permitted to satisfy their minimum wage obligation by averaging or shifting the amount of pay earned at sub-minimum and above-minimum wage rates.  And an employer thus violates the law by implementing a pay policy that treats certain hours of work as unproductive or otherwise ineligible for compensation.

20. Notwithstanding these requirements, Defendant failed and refused to pay the applicable minimum wage rate for all hours worked by Plaintiff Daniel O'Connor and the Aggrieved Employees.

21. Rather, Defendant maintained a policy and practice of only paying Plaintiff and the Aggrieved Employees for the time that they recorded, typically limited to no more than 40 hours per week, despite knowing he and the Aggrieved Employees actually worked more hours per week.

22. No compensation whatever was therefore paid for the many hours of work in excess of 8 hours per day or 40 hours per week, under this scheme.

**C.     Failure to Keep Records and Provide Disclosures and Itemized Pay statements**

23. Pursuant to California Labor Code sections 226 and 1174, and Wage Order 12-2001 section 7, Defendants are required to keep accurate, itemized records of all hours worked and all compensation earned by Plaintiffs and similarly situated employees.

24. Pursuant to Labor Code section 2810.5, California employers are required to provide written notice and disclosure of specified material facts concerning the nature of the employer and the employment.  These include the legal identity and any "dba" used by the employer, as well as the methods and rates used to calculate wages.

25. Pursuant to Labor Code section 2751, California employers are required to set forth in writing the contractual method by which commissions shall be computed and paid.

---

[5] Los Angeles Municipal Code sec. 187.02(B) states "Employers with 26 or more Employees shall … pay a wage of no less than the hourly rates set forth: 1. On July 1, 2016, the hourly wage shall be $10.50; 2. On July 1, 2017, the hourly wage shall be $12.00; 3. On July 1, 2018, the hourly wage shall be $13.25; 4. On July 1, 2019, the hourly wage shall be $14.15; and 5. On July 1, 2020, the hourly wage shall be $15.00."

26. Labor Code sections 226(a), 226.2, 201.3 and Wage Order 12-2001, Sections 7(a) and (B), also require that Defendants shall provide its California employees with accurate, itemized statement showing, *inter alia,* "total hours worked by the employee," "piece rate units" earned, "all deductions," "net wages earned," "all applicable hourly rates for all hours worked, "the name and address of the legal entity that is the employer," and the amount of paid sick leave accrued and available applicable to the employee.

27. Notwithstanding these affirmative legal requirements, Defendant failed to properly maintain the required records, failed to accurately itemize all hours worked and premium compensation due, and failed to provide the notices and disclosures required by the applicable Labor Code and Wage Order provisions to Plaintiff and the Aggrieved Employees.

**D.    Failure to Timely Pay Wages Due**

28. Labor Code section 200 defines "wages" as including "all amounts for labor performed by employees of every description."

29. Pursuant to California Public Policy and Labor Code sections 200, 204, and 201-203, it is the fundamental right of California workers to receive timely payment of all compensation due, including without limitation, commissions, premium overtime compensation, and premium compensation due for working without compliant meal and rest breaks.

30. Wages due belong to the employee and not to the employer. California law recognizes moreover that wages are not ordinary debts and are preferred over other claims. Because of the average workers dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that workers receive pay when it is due.

31. Consistent with these objectives and public policy, California Labor Code section 221 provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code section 223 further provides that "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

32. Labor Code § 204 provides that earned wages are to be paid no less frequently than bi-weekly, and within the pay period in which they are earned.

33. Pursuant to California Labor Code Sections 201-203, all compensation earned by an employee is due to be paid within 72 hours of termination to any employee who resigns with less than 72 hours' notice. Compensation earned by all other employees is due "immediately" upon termination of their employment.

34. Notwithstanding these affirmative legal duties imposed by California law, Defendants have engaged in a consistent policy and practice of refusing to timely pay the earned wages of Daniel O'Connor and the Aggrieved Employees, both during their employment and following the termination of employment. For example, Defendant's policy of allotting at the beginning of the work week a maximum number of hours of work (a maximum of 8 hours in a day, 40 hours in a week) to their employees who primarily work from home (such as Plaintiff and the Aggrieved Employees) and their practice of not compensating Plaintiff O'Connor and the Aggrieved Employees for all hours worked beyond their allotted time for work, remained unpaid at the time of termination.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

35. Plaintiff Daniel O'Connor and the Aggrieved Employees ("Plaintiffs") re-allege and incorporate by reference every allegation in the preceding paragraphs, as though fully set forth herein.

36. Plaintiffs are aggrieved employees under PAGA, as they were employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code Violations set forth herein. Accordingly, they seek to recover on behalf of themselves and all other current and former Aggrieved Employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

37. Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not required.

38. Plaintiffs seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

   a. failure to pay premium compensation for all overtime hours worked in violation of Wage Order 12-2001, Section 3(B) and Labor Code §§ 510(a) and 1194(a).

   b. failure to pay minimum wage for all hours worked in violation of Wage Order 12-2001, Section 4 and Labor Code § 1197.

   c. failure to provide accurate and itemized wage statements to Plaintiffs in violation of Labor Code §§ 226, 226(a), 1174, and 2810.5 and Wage Order 12-2001, Section 7;

   d. failure to provide timely payment of wages to Plaintiffs when due and upon termination and resignation in violation of Labor Code §§ 200-204;

39. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per Aggrieved Employee for the first violation, and one thousand dollars ($1,000) per Aggrieved Employee for each subsequent violation of Labor Code § 226(a).

40. With respect to violations of Labor Code § 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Moreover, Plaintiffs seeks civil penalties in the amount of unpaid wages owed to Aggrieved Employees pursuant to Labor Code § 558(a)(3).

41. With respect to violations of Labor Code § 1174, Labor Code § 1174.5 imposes a civil penalty of $500.

42. Labor Code § 2699 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including Labor Code §§ 226.7, 226.8, 1174, 1182.12,

1194, 1197, 1198 and 2802.

43. Plaintiff Daniel O'Connor and the Aggrieved employees are entitled to their attorneys' fees and costs if they prevail. Labor Code § 2699(g)(1) states that an "aggrieved employee … who prevails in any [PAGA] action shall be entitled to an award of reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daniel O'Connor prays for judgment as follows:

1. For all PAGA civil and statutory penalties authorized by Labor Code § 2698 et seq. for himself and all the Aggrieved Employees;

2. For attorney fees and costs pursuant to all applicable provisions of law, including but not limited to, Labor Code § 2699(g)(1).

3. For such other and further relief the court deems just and proper.

Dated:  March 18, 2020                    VAN VLECK & TURNER, LLP
                                          Brian F. Van Vleck

                                          By: _____
                                              Brian F. Van Vleck
                                              Daniel J. Turner
                                              Stuart H. Kluft
                                              Attorneys for Plaintiff
                                              Daniel O'Connor

# Exhibit A

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
| **To:** | Michael Kost |
| **Subject:** | Thank you for submission of your PAGA Case. |
| **Date:** | Tuesday, July 30, 2019 12:33:38 PM |

7/30/2019

LWDA Case No. LWDA-CM-725201-19

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm



5757 Wilshire Boulevard, Suite 535
Los Angeles, California 90048
(T) 323.920-0250
(F) 323.592-0249
www.vvlawgroup.com

Sender's e-mail:
bvanvleck@vvlawgroup.com

July 30, 2019

**VIA ON-LINE FILING**
California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

**VIA CERTIFIED MAIL**
Warner Bros. Animation Inc.
Attn: Agent of Service
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

    Re:    O'Connor v. Warner Bros. Animation Inc.

To Whom it May Concern:

This letter constitutes notice of Labor Code violations by employer Warner Bros. Animation Inc. (hereinafter "Defendant"). This notice is made by aggrieved employee Daniel P. O'Connor on behalf of himself and similarly situated aggrieved employees over the relevant statute of limitations period.

During this period, Defendant engaged in a series of consistent policies and practices throughout the state of California which violated various Labor Code provisions. These policies and practices are described herein.

### I. DEFENDANTS' CONDUCT IN VIOLATION OF LABOR CODE

**A.**    **The Duty to Pay Premium Compensation for All Overtime Hours Worked**

Pursuant to California Labor Code Section 510(a), and Wage Order 12-2001, Section 3(A), "Eight (8) hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

Labor Code Section 1194(a), provides that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

**THE VAN VLECK LAW FIRM, LLP**
O'Connor v. Warner Bros. Animation Inc.
PAGA Letter
July 30, 2019
Page 2

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Plaintiff was employed with Defendants throughout 2018 whereby he voluntarily terminated his employment on August 20, 2018. During his employment with Defendants, Plaintiff and the similarly situated aggrieved employees (collectively referred to as the "aggrieved employees") routinely worked more than eight hours in a day and forty hours per week without receiving all premium overtime compensation due.

Defendants nevertheless implemented and maintained policies and practices that systematically deprived the aggrieved employees of the legally required overtime wages which they had earned by law. These consistent policies and practices have included the following:

- Maintaining a policy of not paying the aggrieved employees for daily overtime for hours worked in excess of eight hours per day;

- Maintaining a policy of prohibiting hourly employees from recording their actual hours of overtime per week regardless of the number of hours that Defendants suffered and permitted employees to work;

- Maintaining a policy whereby hourly employees were allotted only forty hours of work per week regardless of the actual hours of work required to produce the content Defendant's assigned the aggrieved employees to complete;

- Maintaining an illegal pay plan which was designed to undercalculate the amount of overtime compensation due under the Labor Code by requiring employees to record only 40 hours of work a week, regardless of the hours worked in excess of 8 hours per shift and 40 hours per week.

B.  **The Duty to Pay Minimum Wage for All Hours Worked**

Labor Code Section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful."

Wage Order 12-2001, Section 4(B) further provides that "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

THE VAN VLECK LAW FIRM, LLP
O'Connor v. Warner Bros. Animation Inc.
PAGA Letter
July 30, 2019
Page 3

Under the California minimum wage law, each hour of work must be separately compensated at the applicable minimum hourly rate of least $12.00 per hour. Under the City of Los Angeles minimum wage law, the minimum hourly rate is even higher. Employers are not permitted to satisfy their minimum wage obligation by averaging or shifting the amount of pay between hours worked at sub-minimum and above-minimum wage rates. And an employer thus violates the law by implementing a pay policy that treats certain hours of work as "nonproductive" or otherwise ineligible for compensation.

Notwithstanding these requirements, Defendant failed and refused to pay the applicable minimum wage rate for all hours worked by Mr. O'Connor and the aggrieved employees.

**C.     Duty to Keep Records and Provide Disclosures and Itemized Pay statements**

Pursuant to California Labor Code sections 226 and 1174, and Wage Order 12-2001 section 7, Defendants are required to keep accurate, itemized records of all hours worked and all compensation earned by Plaintiffs and similarly situated employees.

Pursuant to Labor Code §§ 2810.5, California employers are required to provide written notice and disclosure of specified material facts concerning the nature of the employer and the employment. These include the legal identity and any "dba" used by the employer, as well as the methods and rates used to calculate wages.

Pursuant to Labor Code § 2751, California employers are required to set forth in writing the contractual method by which commissions shall be computed and paid.

Labor Code §§ 226(a), 226.2, and Wage Order 12-2001, Section 7(A) and (B), also require that Defendants shall provide its California employees with accurate, itemized statement showing, inter alia, the "total hours worked by the employee," "piece rate units" earned, "all deductions," "net wages earned," and "all applicable hourly rates" applicable to the employee.

Notwithstanding these affirmative legal requirements, Defendants failed to maintain these required records and failed to provide these notices and disclosures concerning the aggrieved employees' compensation which are required by the applicable Labor Code and Wage Order provisions.

**D.     Duty to Timely Pay Wages Due**

Labor Code section 200 defines "wages" as including "all amounts for labor performed by employees of every description."

**THE VAN VLECK LAW FIRM, LLP**
O'Connor v. Warner Bros. Animation Inc.
PAGA Letter
July 30, 2019
Page 4

Pursuant to California Public Policy and Labor Code sections 200, 204, and 201-203, it is the fundamental right of California workers to receive timely payment of all compensation due, including without limitation premium overtime compensation.

Wages due belong to the employee and not to the employer. California law recognizes, moreover, that wages are not ordinary debts and are preferred over other claims. Because of the average workers dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that workers receive pay when it is due.

Consistent with these objectives and public policy, California Labor Code section 221 provides that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code section 223 further provides that "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

Labor Code § 204 provides that earned wages are to be paid no less frequently than bi-weekly, and within the pay period in which they are earned.

Pursuant to California Labor Code Sections 201-203, all compensation earned by an employee is due to be paid within 72 hours of termination to any employee who resigns with less than 72 hours' notice. Compensation earned by all other employees is due "immediately" upon termination of their employment.

Notwithstanding these affirmative legal duties imposed by California law, Defendant has engaged in a consistent policy and practice of refusing to timely pay the earned wages of Mr. O'Connor and the aggrieved employees, both during their employment and following the termination of employment. For example, Defendant's policy and practice of not compensating the aggrieved employees for all hours worked beyond forty hours remained unpaid at the time of termination.

### E.     Equitable Tolling of Claims

In doing the acts alleged herein, Defendant adopted policies and practices that fraudulently concealed the nature of the operative facts including the time periods and number of hours worked by Mr. O'Connor and the aggrieved employees and the correct calculation of hourly wage rates. Defendant had an affirmative legal duty to provide accurate information as to these facts but instead provided misleading and inaccurate information calculated to obscure and conceal the underpayment of wages and to induce the reasonable reliance by Mr. O'Connor and the aggrieved employees on these representations. As a result, the applicable statute of limitations has been tolled during the pendency of these misrepresentations and non-disclosures.

**THE VAN VLECK LAW FIRM, LLP**
O'Connor v. Warner Bros. Animation Inc.
PAGA Letter
July 30, 2019
Page 5

Sincerely,

Brian Van Vleck
THE VAN VLECK LAW FIRM